[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 30, 2007
THOMAS K. KAHN
CLERK

No. 06-13841
Non-Argument Calendar

_____

D. C. Docket No. 05-00456-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALAURO JAVIER VALENCIA MICOLTA,
a.k.a.Javier Aluaro,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 30, 2007)**

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Aluaro Javier Valencia Micolta  appeals his 135-month sentence for

conspiracy and possession with intent to distribute cocaine while aboard a vessel, in violation of 46 App. U.S.C. § 1903(a), (g), (j), and 21 U.S.C. § 960(b)(1)(B)(ii). He reported that he was hired only to take a replacement vessel to a malfunctioning vessel that was to transport the drugs, and when he arrived at the location of the malfunctioning vessel, he realized that it could not be repaired, so the crew of the malfunctioning vessel transferred the drugs to the replacement vessel and boarded it.

On appeal, Micolta first argues that, in denying his request for a minor-role reduction, the district court failed to consider that he: (1) had "no equity interest in the drugs;" (2) had no input on where the drugs were taken; and (3) received only a flat fee to replace a malfunctioning vessel. He also argues that he was convicted for his involvement in a conspiracy that involved multiple defendants, such that he "was held accountable for the reasonably foreseeable actions of all other co-conspirators - not just his own conduct."

"[We have] long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999). After the Supreme Court's decision in United States v.Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), this standard of review remains unchanged. See United

2

States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005).

"The defendant bears the burden of proving his minor role by a preponderance of the evidence." United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002). We have noted that "the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct." Id. at 943. Because of Micolta's personal involvement in the importation of 1,250 to 1,625 kilograms of cocaine, the district court did not clearly err by denying his minor-role reduction request.

Micolta next argues that his sentence is unreasonable under the factors in 18 U.S.C. § 3553(a) due to his: (1) lack of criminal history; (2) lack of employment opportunities in his village; (3) lack of education; (4) family's dependency on him; and (5) minimal involvement in the outcome of the offense. He argues that a sentence of 108 months' imprisonment would have been the minimum necessary to accomplish the principles listed in § 3553.

After Booker, we review sentences under the advisory guideline regime for "unreasonable[ness]." 543 U.S. at 261, 125 S.Ct. at 765. Following Booker, we have stated that the district court first must correctly calculate the defendant's guideline range, then, using the § 3553(a) sentencing factors, the court can impose a more severe or more lenient sentence, as long as it is reasonable. Crawford, 407

F.3d at 1179. The relevant § 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed [treatment]; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range . . . ; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); Booker, 543 U.S. at 259-61, 125 S.Ct. at 764-66. There is no requirement, however, that the district court engage in a detailed, step-by-step analysis of every factor, as we have held that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

A sentence within the advisory guideline range is not per se reasonable, but we ordinarily expects such a sentence to be reasonable. See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). In Scott, we held that a district court's statement that it had considered the § 3553(a) factors alone is sufficient in post-Booker sentences. 426 F.3d at 1329-30. We further explained that the defendant's sentence was reasonable because the district court accurately calculated

4

the guideline range, and considered evidence in mitigation as reflected by the defendant's sentence at the low end of the range. See id. at 1330.

Because the district court considered the § 3553(a) factors and imposed a sentence at the low end of the advisory guideline range, Micolta's sentence was not unreasonable.

**AFFIRMED.**